Timothy M. Lynch
Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2
Anchorage, Alaska 99501
(907) 276-5297 telephone
(907) 276-5291 facsimile
tlynch@northlaw.com

*Attorneys for Great Divide Insurance Company*

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

GREAT DIVIDE INSURANCE COMPANY

Plaintiff,

v.

MOHAMMED ALI, individually, VALERY ALI, individually, BENGAL BUILDER, INC., BENGAL GROUP, LLC, A&V FAMILY TRUST, EASIN ALI, individually, and SHAIKH A. BASHAR, individually

Defendants.

Civil Action No. ________________

**COMPLAINT FOR DECLARATORY RELIEF**
**(28 U.S.C. §2201 & 2202)**
**&**
**DEMAND FOR JURY TRIAL**
**(FRCP 38(b))**

**Demand For Jury Trial**

In accordance with Federal Rule of Civil Procedure 38(b) Great Divide Insurance Company requests a jury trial upon all issues that are triable by a jury.

Complaint for Declaratory Relief & Demand for Jury Trial Page 1 of 16
*Great Divide Insurance Co. v. Mohammed Ali, et al.* Civil Action No. _________

**Complaint For Declaratory Relief**

Great Divide Insurance Company ("Great Divide"), by and through its counsel of record, Hozubin, Moberly, Lynch & Associates hereby asserts its complaint for declaratory relief as follows:

**Parties**

I

Great Divide is a corporation organized and existing under the laws of the State of North Dakota with its principal place of business in the State of Arizona.

II

Great Divide is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports and has satisfied all other conditions precedent to bringing and maintaining this action.

III

Defendant, Mohammed Ali ("Mohammed"), is an individual residing in the State of Alaska with his principal residence at 16101 Honey Bear Circle Anchorage, Alaska 99516.

IV

Defendant, Valery Ali ("Valery"), is an individual residing in the State of Alaska with her principal residence at 16101 Honey Bear Circle Anchorage, Alaska 99516.

V

Bengal Builder, Inc. ("Builder") is a corporation organized by Mohammed in accordance with the laws of the State of Alaska with its principal place of business at 16101 Honey Bear Circle Anchorage, Alaska 99516.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial Page 2 of 16
*Great Divide Insurance Co. v. Mohammed Ali, et al.* Civil Action No. _________

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

VI

Bengal Groups, LLC ("Groups") is a limited liability company organized by Mohammed and Valery in accordance with the laws of the State of Alaska with its principal place of business in Anchorage, Alaska.

VII

A & V Family Trust ("Trust") is an entity of unknown legal foundation which is identified on an application for insurance dated June 12, 2013 as "100 % owner" of Builder and as 100 percent owner of Builder on the Initial Biennial Report dated March 15, 2013 filed with the State of Alaska, Department of Commerce, Community and Economic Development.

VIII

Easin Ali ("Easin") is a resident and inhabitant of the State of Alaska.

IX

Shaikh A. Bashar ("Bashar") is believed to be is a resident and inhabitant of the State of Alaska

**Jurisdiction And Venue**

X

This is an action for declaratory relief under 28 U.S.C. §2201 and for such additional and further relief as may be required to enforce a declaratory judgment in accordance with 28 U.S.C. §2202.

XI

This court has subject matter jurisdiction under 28 U.S.C. §1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

Complaint for Declaratory Relief & Demand for Jury Trial Page 3 of 16
*Great Divide Insurance Co. v. Mohammed Ali, et al.* Civil Action No. _________

citizens of different states with Great Divide being considered a resident of the State of North Dakota and all of the Defendants being considered residents of the State of Alaska.

XII

In accordance with 28 U.S.C. § 1391(b)(1) and (2) venue in this district is appropriate as the Defendants are residents of this district and the events discussed in this declaratory judgment complaint occurred in this district.

**Allegations In Support Of Declaratory Relief**

XIII

Great Divide issued the following general liability insurance policies:

| Policy Number | Policy Tern | Named Insured |
|---|---|---|
| GC942645 | 08/25/2010 – 08/25/2011 | Bengal Groups, LLC |
| GC946129 | 08/25/2011 – 08/25/2012 | Bengal Groups, LLC |
| GC955413 | 12/12/2013 – 12/12/2014 | Bengal Builder, Inc. |

XIV

On October 9, 2013 Mohammed acting on behalf of Builder and Easin entered into a contract to construct two duplexes to form a single fourplex.

XV

Between October 24, 2013 and November 1, 2013 building permits were issued and construction work began. Plan reviews for zoning, right-of-way, storm sewer, and structural were performed. Footing / foundation inspections of both units were scheduled for November 13 and 26 respectively but were cancelled and then performed and approved on November 27, 2013 and December 5, 2013.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

XVI

On December 3, 2013 Mohammed on behalf of Bengal Groups, LLC executed a "Disclaimer Notice" along with Easin and with W.W. Wilson III, who was acting on behalf of Cash Alaska II. This document states the following:

1. Bengal Groups, LLC and Mohammed Ali acting as a general contractor, have a contract with Easin Ali to build a 4 unit condo building @ lot 11B, Rosewood Park Subd (sic).

2. Mohammed Ali, as authorized signer of Bengal Groups, LLC and personal friend to Easin Ali, is providing advice to Easin Ali regarding construction of project, construction financing and buyer financing for the project.

3. Bengal Groups, LLC and/or Mohammed Ali have no contract or agreement with Cash Alaska II LLC for payment of any fees or commission for this project or for the construction loan Cash Alaska is making to Easin Ali.

4. Mohammed Ali is not a signor on the loan documents.

5. Easin Ali or Bengal Groups, LLC will provide satisfactory builders risk insurance to Cash Alaska by December 10, 2013.

6. Cash Alaska II, LLC has encouraged Easin Ali to seek legal representation regarding the construction loan and to review the loan documents.

7. Cash Alaska II, LLC has encouraged Easin Ali to seek and follow the advice of a mortgage company regarding the type of and maximum amount of financing that will be available to the potential buyers of these condo units.

XVII

On December 4, 2013 Easin executed the following documents:

1) Affidavit Concerning Residential Property,
2) Borrower Closing Statement,
3) Federal Truth-In-Lending Disclosure Statement,
4) Escrow Instructions,
5) Installment Contract Collection Agreement,
6) Hold Back Fund Dispersal and Monthly Payment Agreement,
7) Deed of Trust Note, and
8) Deed of Trust on the property located at lot 11B, Rosewood Park Estates.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial Page 5 of 16
*Great Divide Insurance Co. v. Mohammed Ali, et al.* Civil Action No. _________

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

XVIII

The effect of this paperwork was to commit Easin to a $500,000 loan of which, following the deduction of $71,000 as a loan fee and other charges, $426,446.25 was made available for construction of the two duplexes to form a single fourplex. The promissory note had a net effective annual interest rate of 40.70 per cent with total finance charges of $173,553.75. Easin was obligated to make 12 monthly interest only payments with a balloon payment on the principal and interest due on December 4, 2014.

IX

On or about December 11, 2013 Mohammed, acting on behalf of Builders, contacted Integrity Insurance Agency, LLC and sought insurance coverage.

XX

On or about December 12, 2013, Mohammed completed and signed a "Self-Inspection Report – General Liability – Contractors Risk" form wherein in response to the inquiry "Location of job site" he writes "No location yet."

XXI

On December 12, 2013 Great Divide issued policy GC955413 to Builder which bound coverage for $300,000 per occurrence and $600,000 aggregate with a term of 12/12/2013 – 12/12/2014.

XXII

On March 28, 2014 Mohammed on behalf of Builder and Easin executed two written contracts which provided more details for the October 9, 2013 contract referenced in paragraph XIV above for the construction of the two co-joined duplexes on lot 11, block 1 of Rosewood Park Estates Subdivision. The first was to cost $354,344.75 and the second $359,816.75.

Complaint for Declaratory Relief & Demand for Jury Trial Page 6 of 16
*Great Divide Insurance Co. v. Mohammed Ali, et al.* Civil Action No. _________

XXIII

As a result of the March 28, 2014 agreements, Mohammed was permitted to draw $85,860 for work performed on the first unit and $91,332 for work performed on the second unit

XXIV

On June 11, 2014 Mohammed requested to increase the liability limit to $1,000,000 per occurrence and $2,000,000 aggregate which was approved.

XXV

On October 27, 2014, J.E. Wiederholt of the Anchorage law firm of Aglietti Offret & Woofter acting on behalf of Easin wrote to Builder alleging in part as follows:

1) Easin contracted with Builder for construction of a fully modern, code-compliant residential 4-plex to be completed and ready for occupancy more than six months prior to the letter;

2) The structure is 85% incomplete;

3) No assurances have been given that the builder has the ability to complete the structure;

4) Cash Alaska II, in concert with Builder

> orchestrated two construction mortgage loans upon the referenced project incorporating plainly usurious interests (sic) rates and under circumstances intended to defraud, deceive and deprive [Easin] of his interests in both the construction project, the real property subject thereto, and his personal residence; the latter as additional security for the project.

5) Cash Alaska II provided "all funds applicable to the construction loans to Builder and/or its principals without any assurance whatsoever that any material phase of construction was completed; and

6) Builder and its principals "have absconded with most or all available construction funds; now in excess of $680,000."

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

XXVI

Wiederholt threatened to file suit seeking, among other things to recover the funds paid to Builder and its principals and to cure the defective contractual performance.

XXVII

Sometime between October 30, and November 6, 2014 Mohammed sought coverage for the claim.

XXVIII

On or about February 5, 2015 Easin and Bashar filed suit in the Superior Court for the State of Alaska, Third Judicial District at Anchorage bearing the caption of *Easin Ali and Shaikh A. Bashar v. W.W. Wilson III, Cash Alaska II, LLC, Mohammed Ali, Valery R. Ali, Bengal Builder, Inc., CNA Surety / Western Surety Company Bond No. 71427181, and John Does I – V*, with case number 3AN-15-4840.

XXIX

A copy of the amended complaint referenced above is attached hereto as Exhibit A.

XXX

Easin and Bashar seek damages in excess of $680,000 to cure contractual deficiencies, treble damages reflecting the unfair trade practices, recovery of all funds paid to the defendants, punitive damages, costs associate with the cure of the incomplete work on the property, attorney fees, litigation costs and interest.

XXXI

Mohammed sought insurance coverage and policy number GC955413 was issued to Builder as a "General Contractor" and not as a financial consultant. The premium for said

insurance policy was based upon the following codes which are specifically set out in the Declarations page:

| Code # | Classification |
|---|---|
| 91340 | Carpentry – construction of residential property not exceeding 3 stories in height |
| 91341 | Carpentry – interior |
| 91583 | Contractors – subcontracted work – in connection with building construction, reconstruction, repair or erection – 1 or 2 family dwellings |
| 92338 | Drywall or Wallboard installation |
| 98304 | Painting – exterior – buildings or structures – 3 stories or less in height – NOC |
| 98305 | Painting – interior – buildings or structures |

XXXII

Easin and Bashar's claims against the defendants are, among other things:

1) Mohammed entered into an agreement with Easin to construct a fourplex.

2) Mohammed provided Easin with advice regarding construction financing with Cash Alaska II.

3) This advice resulted in the creation of a mortgage arrangement that was usurious.

4) Mohammed then took construction draws that consumed all or almost all of the funds.

5) Mohammed abandoned the project which was approximately 15 per finished.

6) Mohammed does not appear to have the financial ability or the desire to complete the project.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

7) The intended result of the earlier advice and Mohammed's actions was to deprive Easin of his interest in the fourplex, the real property upon which it sat and his own home.

8) Damages have resulted.

XXXIII

The claims asserted by Easin and Bashar do not fall within the risks associated with a "general contractor" but rather within the risks associated as a financial consultant. Insurance policy GC955413 was not issued to protect against the risks associated with Mohammed acting as a financial consultant. Therefore, there is no coverage for the claims being asserted by Easin and Bashar.

XXXIV

Insurance policy GC955413 provides in pertinent part as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

* * * *

b. This insurance applies to "bodily injury" and "property damage" only if:

1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory":

2) The "bodily injury" or "property damage" occurs during the policy period; . . . .

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial
*Great Divide Insurance Co. v. Mohammed Ali, et al.*
Page 10 of 16
Civil Action No. _________

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * * *

**j. Damage To Property**

"Property damage" to"

* * * *

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * * *

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products - completed operation hazard."

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage to impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to “your product” or “your work” after is has been put to its intended use.

**SECTION V – DEFINITIONS**

8. “Impaired property” means tangible property, other than “your product” or “your work”, that cannot be used or is less useful because:

a. It incorporates “your product” or “your work”, that is known or thought to be defective, deficient, inadequate or dangerous, or

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of “your product” or “your work”; or

b. Your fulfillment of the terms of the contract or agreement.

* * * *

13. “Occurrence” means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * * *

16. “Products-completed operations hazard”.

a. Includes all “bodily injury” and “property damage” occurring away from premises you own or rent and arising out of “your product” or “your work” except:

* * * *

(2) Work that has not yet been completed or abandoned. However, “your work” will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

* * * *

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as complete.

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

ENDORSEMENT L308 (06/07) to the policy specifically states:

**EXCLUSION – DESIGNATED HAZARDS OR OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART SCHEDULE

**Description of Designated Hazard(s) or Operation(s)**:

ALL OPERATIONS OF BENGAL GROUPS LLC

**Specified Location(s) (If Applicable)**:

--
--

**A.** The following exclusion is **added** to **2. Exclusions** of **Coverage A – Bodily Injury And Property Damage Liability**, **Coverage B – Personal And Advertising Injury Liability** and **Coverage C – Medical Payments**:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payment arising out of the designated hazard(s) or operations described in the Schedule, regardless of whether:

1. The hazard(s) exist for the benefit of any insured or others; or

2. The operation(s) are conducted by or on behalf of any insured or others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such hazard(s) exist or where such operation(s) are conducted by or on behalf of any insured or others.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

XXXV

Insurance policy GC955413 provides coverage only for damages which the insured is legally obligated to pay that were caused by an "occurrence" which is defined in the insurance policies to mean an accident which includes continuous or repeated exposure to substantially the same general harmful conditions.

XXXVI

The claims for which damages are sought in Exhibit A do not arise as the result of an occurrence.

XXXVII

The actions which give rise to the claims for which damages are sought in Exhibit A occurred at a time when the defendants were not insured by Great Divide.

XXXVIII

In performing actions which gave rise to the claims asserted in Exhibit A, Mohammed was acting on behalf of Groups which entity is specifically excluded from coverage under Great Divide insurance policy number GC955413 with a policy term of December 12, 2013 to December 12, 2014 issued to Bengal Builder, Inc.

XXXIX

Insurance policy GC955413 excludes coverage for property damage to the particular part of any of property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

XL

Insurance policy GC955413 excludes coverage for property damage to the insured's work arising out of that work.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

XLI

"Property damage" is defined in insurance policy GC955413 to mean physical injury to tangible property, including all resulting loss of use of that property. Faulty and incomplete workmanship is not property damage as covered by the insurance policy.

XLII

Great Divide insurance policies GC942645 with a policy term of August 25, 2010 to August 25, 2011 and GC946129 with a policy term of August 25, 2011 to August 25, 2012 issued to Groups do not provide coverage for any of the claims asserted in Exhibit A.

XLIII

A real and substantial controversy exists as to whether Great Divide has a duty to defend and/or indemnify Mohammed, Valery, Builder, Group, Trust and John Does I - V with regard to the claims asserted by Easin and Bashar with regard to the allegations in the underlying Complaint.

XLIV

A real and substantial controversy exists regarding whether or not Mohammed, Valery, Builder, Group and Trust have complied with all relevant conditions and obligations required to obtain insurance coverage provided by insurance policy number GC955413.

**Prayer For Relief**

Having set forth its complaint for declaratory relief, Great Divide prays for judgment as follows:

1) For a declaratory judgment determining that the Great Divide insurance policies number GC942645, GC946129 and GC955413 do not provide coverage for any and all claims asserted by Easin and Bashar against Mohammed, Valery,

Builder, Group, Trust and John Does I - V including but not limited to the allegations and claims contained in Exhibit A.

2) That Mohammed, Valery, Builder, Group, Trust and John Does I - V and any or all of their successors, heirs and assigns are enjoined from attempting to enforce the defense and/or indemnity provisions of insurance policy insurance policies number GC942645, GC946129 and GC955413.

3) That Easin, Bashar and any or all of their successors, heirs and assigns are enjoined from attempting to obtain by assignment or otherwise the ability to assert any claims against Great Divide its agents, employees, successors and assigns for damages arising from the defense and/or indemnity provisions of insurance policies number GC942645, GC946129 and GC955413.

4) That Great Divide be awarded its costs and attorneys fees.

5) That Great Divide be awarded such additional and further relief as the facts and law warrant.

RESPECTFULLY submitted at Anchorage, Alaska this 3rd day of April, 2015.

HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
Attorneys for Great Divide Insurance Company

By: s/ Timothy M. Lynch

Timothy M. Lynch
Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2
Anchorage, AK 99501
(907) 276-5297 telephone
(907) 276-5291 facsimile
tlynch@northlaw.com
Alaska Bar No. 7111030

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297 F: 907.276.5291

Complaint for Declaratory Relief & Demand for Jury Trial
*Great Divide Insurance Co. v. Mohammed Ali, et al.*
Page 16 of 16
Civil Action No. ________