Timothy M. Lynch
HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, Alaska 99501
(907) 276-5297 telephone
(907) 276-5291 facsimile
tlynch@northlaw.com

*Attorneys for Great Divide Insurance Company*

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREAT DIVIDE INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MOHAMMAD ALI, individually, VALERY ) | |
| ALI, individually, BENGAL BUILDER, INC., ) | |
| BENGAL GROUPS, LLC,  A&V FAMILY ) | |
| TRUST, EASIN ALI, individually, and ) | |
| SHAIKH A. BASHAR, individually ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Civil Action No. 3:15-cv-0055-TMB |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR FINAL JUDGMENT BY
## DEFAULT AGAINST A&V FAMILY TRUST

### Procedural History

On or about February 5, 2015, Easin Ali and Shaikh A. Bashar filed an Amended

Complaint in the Superior Court for the State of Alaska, Third Judicial District at Anchorage

captioned *Easin All (sic) and Shaikh A. Bashar v. W.W. Wilson III, Cash Alaska II, LLC,*

*Mohamed (sic) All (sic), Valery R. Ali, Bengal Builder, Inc., CNA Surety / Western Surety*

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 1 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 1 of 19

*Company Bond No. 71427181, Bengal Builder LLC,[1] A&V Family Trust, and John Does I-V*
bearing case number 3AN-15-4840 Civil[2]

On April 7, 2015, Great Divide Insurance Company (hereafter "Great Divide") filed a Complaint for Declaratory Relief.[3]

On April 12, 2015 service of the Declaratory Judgment Complaint and Summons was made upon A&V Family Trust.[4]

On or about April 09, 2015 Easin Ali and Shaikh Bashar filed a Second Amended Complaint.[5] The only apparent change between this and the original complaint was to identify A&V Family Trust as a defendant.

On June 11, 2015, Great Divide filed an application for Entry of Default against A&V Family Trust.[6]

On June 22, 2015 the Clerk of Court entered default in the declaratory judgment against A&V Family Trust for failure to plead or otherwise defend.[7]

### Default Judgment Is Appropriate

"An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."[8] The general rule applied by

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

---

[1] It is likely that plaintiffs' counsel meant this to refer to Bengal Groups, LLC which is an Alaskan limited liability company in which both Mohammad Ali and Valery Ali are members with each owning fifty (50) per cent. Bengal Builder, Inc. is an Alaska corporation of which Mohammad Ali is the registered agent with A&V Family Trust reflected in the State of Alaska, Division of Corporations, Business and Professional Licensing records as being the 100 per cent owner and also the "Director, President, Secretary, Shareholder, Treasurer."

[2] Document 1-1 filed April 7, 2015.

[3] Document 1, dated April 7, 2015.

[4] Document 4-2 filed April 24, 2015.

[5] Exhibit 1 attached.

[6] Document 12, dated June 11, 2015.

[7] Document 22 dated June 22, 2015.

[8] Federal Rule of Civil Procedure 8(b)(6)

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)            Page 2 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*            Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 2 of 19

the court when deciding whether to grant a motion for default judgment, is that "all of the well-pled facts in the complaint are deemed to be true."[9]

## Allegations In Declaratory Judgment
## Complaint Now Deemed Admitted

The following factual allegations in the Declaratory Judgment Complaint are relevant to the claims asserted by Great Divide against A&V Family Trust and are now deemed to be true:

1.      Great Divide is a corporation organized and existing under the laws of the State of North Dakota with its principal place of business in the State of Arizona.

2.      Great Divide is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports and has satisfied all other conditions precedent to bringing and maintaining this action.

3.      Defendant, Mohammad Ali, is an individual residing in the State of Alaska with his principal residence at 16101 Honey Bear Circle Anchorage, Alaska 99516.

4.      Defendant, Valery Ali, is an individual residing in the State of Alaska with her principal residence at 16101 Honey Bear Circle Anchorage, Alaska 99516.

5.      Bengal Builder, Inc. ("Builder") is a corporation organized by Mohammad Ali in accordance with the laws of the State of Alaska with its principal place of business at 16101 Honey Bear Circle Anchorage, Alaska 99516.

6.      Bengal Groups, LLC ("Groups") is a limited liability company organized by Mohammad Ali and Valery Ali in accordance with the laws of the State of Alaska with its principal place of business in Anchorage, Alaska.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

---

[9] *U.S. v. Davis* 2011 WL 3439436 *1 (D. Alaska 2011)

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)      Page 3 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*      Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 3 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

7.     A & V Family Trust ("Trust") is an entity of unknown legal foundation which is identified on an application for insurance dated June 12, 2013 as "100 % owner" of Builder and as 100 percent owner of Builder on the Initial Biennial Report dated March 15, 2013 filed with the State of Alaska, Department of Commerce, Community and Economic Development.

8.     Easin Ali is a resident and inhabitant of the State of Alaska.

9.     Shaikh Bashar is believed to be is a resident and inhabitant of the State of Alaska

10.     Great Divide issued insurance policy number GC955413 which had a policy term of December 12, 2013 to December 12, 2014 with Builder as the named insured.

11.     On October 9, 2013 Mohammad Ali, acting on behalf of Builder, and Easin Ali entered into a contract to construct two duplexes to form a single fourplex.

12.     Between October 24, 2013 and November 1, 2013 building permits were issued and construction work began.  Plan reviews for zoning, right-of-way, storm sewer, and structural were performed.  Footing / foundation inspections of both units were scheduled for November 13 and 26 respectively but were cancelled and then performed and approved on November 27, 2013 and December 5, 2013.

13.     On December 3, 2013 Mohammad Ali on behalf of Bengal Groups, LLC executed a "Disclaimer Notice" along with Easin Ali and with W.W. Wilson III, who was acting on behalf of Cash Alaska II.  This document states the following:

> a)     Bengal Groups, LLC and Mohammad Ali acting as a general contractor, have a contract with Easin Ali to build a 4 unit condo building @ lot 11B, Rosewood Park Subd (sic).

> b)     Mohammad Ali, as authorized signer of Bengal Groups, LLC and personal friend to Easin Ali, is providing advice to Easin Ali regarding construction of

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)     Page 4 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*     Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 4 of 19

project, construction financing and buyer financing for the project.

c)   Bengal Groups, LLC and/or Mohammad Ali have no contract or agreement with Cash Alaska II LLC for payment of any fees or commission for this project or for the construction loan Cash Alaska is making to Easin Ali.

d)   Mohammad Ali is not a signor on the loan documents.

e)   Easin Ali or Bengal Groups, LLC will provide satisfactory builders risk insurance to Cash Alaska by December 10, 2013.

f)   Cash Alaska II, LLC has encouraged Easin Ali to seek legal representation regarding the construction loan and to review the loan documents.

g)   Cash Alaska II, LLC has encouraged Easin Ali to seek and follow the advice of a mortgage company regarding the type of and maximum amount of financing that will be available to the potential buyers of these condo units.

14.   On December 4, 2013 Easin Ali executed the following documents:

a)   Affidavit Concerning Residential Property,

b)   Borrower Closing Statement,

c)   Federal Truth-In-Lending Disclosure Statement,

d)   Escrow Instructions,

e)   Installment Contract Collection Agreement,

f)   Hold Back Fund Dispersal and Monthly Payment Agreement,

g)   Deed of Trust Note, and

h)   Deed of Trust on the property located at lot 11B, Rosewood Park Estates.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 5 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 5 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

15.     The effect of these documents was to commit Easin Ali to a $500,000 loan of which, following the deduction of $71,000 as a loan fee and other charges, $426,446.25 was made available for construction of the two duplexes to form a single fourplex.  The promissory note had a net effective annual interest rate of 40.70 per cent with total finance charges of $173,553.75.  Easin Ali was obligated to make 12 monthly interest only payments with a balloon payment on the principal and interest due on December 4, 2014.

16.     On or about December 11, 2013 Mohammad Ali, acting on behalf of Builder, contacted Integrity Insurance Agency, LLC and sought insurance coverage.

17.     On or about December 12, Mohammad Ali completed and signed a "Self-Inspection Report – General Liability – Contractors Risk" form wherein in response to the inquiry "Location of job site" he writes "No location yet."

18.     Also, on or about December 12, 2013 Mohammad Ali signed an Acord form application on behalf of Builder which contained among other things the following:

a)     Under the "Nature of Business / Description of Operations by Premises" heading, "A&V Family Trust" is shown as 100 per cent owner.  However, in response to question #11 under general information "Has business been placed in a trust" the response is negative.

b)     Under the heading of "Prior Carrier Information" the notation "New Venture" is entered and neither of the previous Great Divide policies, GC942645 and/or GC946129 are identified.

c)     Further as to inquiry # 15, Mohammad Ali responded in the negative to the questions as to whether or not he provided warranties.

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 6 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 6 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

However, the March 28, 2014 contracts both state "Contractor will provide one year warranty for all work performed by contractor."

    d)    Finally, inquiries #24 "Have you ever operated under any other name(s)" and # 34 "Any operations sold, acquired, or discontinued in last 5 years" were both answered in the negative. In other words, Mohammad Ali failed to identify Bengal Groups, LLC.

19.    On December 12, 2013 Great Divide issued policy GC955413 to Builder which bound coverage for $300,000 per occurrence and $600,000 aggregate with a term of 12/12/2013 – 12/12/2014.

20.    On March 28, 2014 Mohammad Ali, acting on behalf of Builder, and Easin Ali executed two written contracts which provided more details for the October 9, 2013 contract for the construction of the two co-joined duplexes on lot 11, block 1 of Rosewood Park Estates Subdivision. The first was to cost $354,344.75 and the second $359,816.75.

21.    As a result of the agreements executed on March 28, 2014, Mohammad Ali was permitted to draw $85,860 for work performed on the first unit and $91,332 for work performed on the second unit.

22.    On June 11, 2014 Mohammad Ali, through his insurance agent, requested to increase the liability limit of the insurance policy to $1,000,000 per occurrence and $2,000,000 aggregate which was approved.

23.    On October 27, 2014, J.E. Wiederholt of the Anchorage law firm of Aglietti Offret & Woofter acting on behalf of Easin Ali wrote to Builder alleging in part as follows:

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)    Page 7 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*    Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 7 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

a)      Easin Ali contracted with Builder for construction of a fully modern, code-compliant residential 4-plex to be completed and ready for occupancy more than six months prior to the letter;

b)      The structure is 85% incomplete;

c)      No assurances have been given that the builder has the ability to complete the structure;

d)      Cash Alaska II, in concert with Builder

orchestrated two construction mortgage loans upon the referenced project incorporating plainly usurious interests (sic) rates and under circumstances intended to defraud, deceive and deprive [Easin Ali] of his interests in both the construction project, the real property subject thereto, and his personal residence; the latter as additional security for the project.

e)      Cash Alaska II provided "all funds applicable to the construction loans to Builder and/or its principals without any assurance whatsoever that any material phase of construction was completed; and

f)      Builder and its principals "have absconded with most or all available construction funds; now in excess of $680,000."

24.      Wiederholt threatened to file suit seeking, among other things to recover the funds paid to Builder and its principals and to cure the defective contractual performance.

25.      Sometime between October 30, and November 6, 2014 Mohammad Ali sought coverage for the claim.

26.      On or about February 5, 2015 Easin Ali and Shaikh Bashar filed suit in the Superior Court for the State of Alaska, Third Judicial District at Anchorage bearing the caption of *Easin Ali and Shaikh Bashar v. W.W. Wilson III, Cash Alaska II, LLC, Mohammad Ali, Valery*

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)      Page 8 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*      Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB    Document 31    Filed 07/02/15    Page 8 of 19

*Hozubin, Moberly, Lynch & Associates*
*An Association of Professional Corporations*
*711 M Street, Suite 2, Anchorage, Alaska 99501*
*P: 907.276.5297  F: 907.276.5291*

*R. Ali, Bengal Builder, Inc., CNA Surety / Western Surety Company Bond No. 71427181, and John Does I – V,* with case number 3AN-15-4840.

27.     Easin Ali and Shaikh Bashar seek damages in excess of $680,000 to cure contractual deficiencies, treble damages reflecting the unfair trade practices, recovery of all funds paid to the defendants, punitive damages, costs associate with the cure of the incomplete work on the property, attorney fees, litigation costs and interest.

28.     Mohammad Ali applied for insurance coverage with Great Divide and policy number GC955413 was issued to Builder as a "General Contractor" and not as a financial consultant.  The premium for said insurance policy was based upon the following codes which are specifically set out in the Declarations page:

| Code # | Classification |
|--------|----------------|
| 91340 | Carpentry – construction of residential property not exceeding 3 stories in height |
| 91341 | Carpentry – interior |
| 91583 | Contractors – subcontracted work – in connection with building construction, reconstruction, repair or erection – 1 or 2 family dwellings |
| 92338 | Drywall or Wallboard installation |
| 98304 | Painting – exterior – buildings or structures – 3 stories or less in height – NOC |
| 98305 | Painting – interior – buildings or structures |

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 9 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 9 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

29.     Easin Ali and Shaikh Bashar's claims against the defendants are, among other things:

a)      Mohammad Ali entered into an agreement with Easin Ali to construct a fourplex.

b)      Mohammad Ali provided Easin Ali with advice regarding construction financing with Cash Alaska II.

c)      This advice resulted in the creation of a mortgage arrangement that was usurious.

d)      Mohammad Ali then took construction draws that consumed all or almost all of the funds.

e)      Mohammad Ali abandoned the project which was approximately 15 per finished.

f)      Mohammad Ali does not appear to have the financial ability or the desire to complete the project.

g)      The intended result of the earlier advice and Mohammad Ali's actions was to deprive Easin Ali of his interest in the fourplex, the real property upon which it sat and his own home.

h)      Damages have resulted.

30.     The claims asserted by Easin Ali and Shaikh Bashar do not fall within the risks associated with a "general contractor" but rather within the risks associated with a financial consultant.  Insurance policy GC955413 was not issued to protect against the risks associated with Mohammad Ali acting as a financial consultant.  Therefore, there is no coverage for the claims being asserted by Easin Ali and Shaikh Bashar.

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 10 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*                          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 10 of 19

31.     Insurance policy GC955413 provides in pertinent part as follows:

## SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \* \*

b. This insurance applies to "bodily injury" and "property damage" only if:

   i. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory":

   ii. The "bodily injury" or "property damage" occurs during the policy period; . . . .

**2. Exclusions**

   i. This insurance does not apply to:

   **a. Expected Or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \* \*

   **m. Damage to impaired Property Or Property Not Physically Injured**

   "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

   a.     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 11 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 11 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

     b.     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after is has been put to its intended use.

## SECTION V – DEFINITIONS

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

     a.     It incorporates "your product" or "your work", that is known or thought to be defective, deficient, inadequate or dangerous, or

     b.     You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

     a.     The repair, replacement, adjustment or removal of "your product" or "your work"; or

     b.     Your fulfillment of the terms of the contract or agreement.

\* \* \* \*

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \*

**16.** "Products-completed operations hazard":

     **a.**     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

     **(1)**     Products that are still in your physical possession; or

     **(2)**     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

     **(a)**     When all of the work called for in your contract has been completed.

     **(b)**     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)     Page 12 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*     Civil Action No. 3:15-cv-0055-TMB

Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 12 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

"Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

In addition, Exclusion L308 (06/07) to the policy specifically states:

**EXCLUSION – DESIGNATED HAZARDS OR OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

**Description of Designated Hazard(s) or Operation(s)**:

ALL OPERATIONS OF BENGAL GROUPS LLC

**Specified Location(s) (If Applicable)**:

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 13 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 13 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

A. The following exclusion is **added** to **2. Exclusions** of **Coverage A – Bodily Injury And Property Damage Liability**, **Coverage B – Personal And Advertising Injury Liability** and **Coverage C – Medical Payments**:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payment arising out of the designated hazard(s) or operations described in the Schedule, regardless of whether:

1. The hazard(s) exist for the benefit of any insured or others; or

2. The operation(s) are conducted by or on behalf of any insured or others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such hazard(s) exist or where such operation(s) are conducted by or on behalf of any insured or others.

32. Insurance policy GC955413 provides coverage only for damages which an insured is legally obligated to pay that were caused by an "occurrence" which is defined in the insurance policies to mean an accident which includes continuous or repeated exposure to substantially the same general harmful conditions.

33. The claims for which Easin Ali and Shaikh Bashar seek damages do not arise as the result of an occurrence. Rather, they are the result of intentional acts on the part of Mohammad Ali the result of which was known or expected by Mohammad Ali.

34. The actions which give rise to the claims for which Easin Ali and Shaikh Bashar seek damages occurred at a time when neither A&V Family Trust nor Builder were insured by Great Divide. Those damages occurred prior to December 12, 2013

35. In performing actions which gave rise to the claims asserted by Easin Ali and Shaikh Bashar, Mohammad Ali was acting on behalf of Bengal Groups which entity is

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)     Page 14 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*     Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 14 of 19

specifically excluded from coverage under Great Divide insurance policy number GC955413 issued to Builder.

36.     Insurance policy GC955413 excludes coverage for property damage to the particular part of any of property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

37.     Insurance policy GC955413 excludes coverage for property damage to the insured's work arising out of that work.

38.     "Property damage" is defined in insurance policy GC955413 to mean physical injury to tangible property, including all resulting loss of use of that property.  Faulty and incomplete workmanship is not property damage as covered by the insurance policy.

### Factors Supporting Granting
### Motion For Default Judgment

A judgment is a serious matter, so before entering a judgment by default, the court should consider a number of factors which were identified by the Court of Appeals in *Eitel v. McCool*.[10]  The factors include (1) possible prejudice to plaintiff, (2) the merits of plaintiff's claim, (3) sufficiency of plaintiff's complaint, (4) the amount at stake, (5) possibility that there is a dispute about material facts, (6) whether the entry of default was due to excusable neglect, (7) and the policy favoring resolution of disputes on the merits.[11]

Great Divide's Motion for Default Judgment meets each of the above factors.

First, should A&V Family Trust's failure to answer or otherwise appear in this matter not result in a default judgment, Great Divide will be prevented from moving this matter to conclusion.  This will result in Great Divide continuing to be required to tie up assets and

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

---

[10] 782 F.2d 1470, 1471-2 (9th Cir. 1986)
[11] *U. S. v. Davis*, at *2.

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 15 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 15 of 19

resources complying with the Alaska Insurance Code.[12]  The delay will result in Great Divide being compelled to expend "further effort and expense" to resolve this matter.[13]

Additionally, Great Divide will be prevented from obtaining a determination of coverage prior to the conclusion of the underlying action by Easin Ali and Shaikh Bashar.  This is contrary to the purpose served by the Declaratory Judgment Act[14] which is to "clarify and settle the central legal and factual issues arising out of [the declaratory judgment defendant's] conduct."[15]  "The purpose of the Act was an 'intent to avoid delay and accrual of damages against one uncertain of his rights and to promote an early adjudication of the controversy between the parties without waiting until one of them should see fit to begin suit for coercive relief after damages had accrued."[16]

Second, the facts detailed in the Declaratory Judgment Complaint which have not been disputed by A&V Family Trust and the manner in which Great Divide's position is spelled out in the Declaratory Judgment Complaint demonstrate that the second and third factors favoring the issuance of a default judgment are met.

Third, the court is not being called upon to award any damages to Great Divide. Therefore, the Court does not have to analyze factor number four as it is zero.

Fourth, the evidence referenced in the Declaratory Judgment Complaint is derived, in large part, from documents generated by and/or executed by Mohammad Ali prior to the filing of the underlying action which precipitated the declaratory judgment action.  There is no significant

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

---

[12] See, AS 21.18.050; 3 AAC 21.320.
[13] *U.S. v. Davis* at *2
[14] 28 U.S.C.A. § 2201
[15] *National Chiropractic Mutual Insurance Co. v. Doe*, 23 F.Supp2d 1109, 1122 (D.Alaska 1998)
[16] *Muskegon Piston Ring Co. v. Olsen*, 307 F.2d 85, 89 (6th Cir. 1962)

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 16 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 16 of 19

possibility that Mohammad Ali, acting on behalf of A&V Family Trust will be able to dispute these material facts.[17]  Therefore, the fifth factor is met.

Finally, the default was not entered due to some excusable neglect on the part of Mohammad Ali and/or Valery Ali, Trustees for A&V Family Trust.  Terry P. Draeger, Beaty & Draeger, Ltd. 3900 Arctic Blvd, Suite 101, Anchorage, AK 99501 has been representing Mohammad Ali and Valery Ali for purposes of a Chapter 7 Bankruptcy petition.[18]  A&V Family Trust has not filed for bankruptcy.[19]

While Mr. Draeger has specifically disclaimed any representation of Mohammad Ali and Valery Ali in this Declaratory Judgment action, it is obvious that they had legal counsel available to them with whom they could have consulted regarding the effect of the service of process on A&V Family Trust.  For purposes of this motion, it is unimportant whether or not they actually consulted with Mr. Draeger as to the requirement to timely appear and answer the Declaratory Judgment Complaint on behalf of A&V Family Trust.  The simple fact is that they could have.  Their failure to appear, answer or otherwise plead in this matter cannot be viewed as the result of excusable neglect.

### Conclusion

Great Divide respectfully requests that the court grant a final judgment by default against A&V Family Trust ordering that:

1.  The Great Divide insurance policy number GC955413 does not provide coverage for any and all claims asserted by Easin Ali and Shaikh Bashar against A&V Family Trust including but not limited to the allegations and claims asserted in *Easin Ali and Shaikh A. Bashar v. W.W. Wilson III, Cash*

---

[17] *U.S. v. Davis* at *2.
[18] Document 8 & Document 8-1 filed May 29, 2015.
[19] Document 10, June 10, 2015.

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 17 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 17 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

*Alaska II, LLC, Mohamed Ali, Valery R. Ali, Bengal Builder, Inc., CNA Surety / Western Surety Company Bond No. 71427181, Bengal Builder LLC, A&V Family Trust, and John Does I-V* bearing case number 3AN-15-4840 Civil; and

2.  A&V Family Trust and any or all of its agents, successors, heirs and assigns are enjoined from attempting to enforce any defense and/or indemnity provisions of insurance policy number GC955413 as to any and all claims asserted by Easin Ali and Shaikh Bashar against A&V Family Trust including but not limited to the allegations and claims asserted in *Easin Ali and Shaikh A. Bashar v. W.W. Wilson III, Cash Alaska II, LLC, Mohamed Ali, Valery R. Ali, Bengal Builder, Inc., CNA Surety / Western Surety Company Bond No. 71427181, Bengal Builder LLC, A&V Family Trust, and John Does I-V* bearing case number 3AN-15-4840 Civil

RESPECTFULLY submitted at Anchorage, Alaska this 2nd day of July, 2015.

HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
Attorneys for Great Divide Insurance Company

By: _s/ Timothy M. Lynch_____

Timothy M. Lynch
HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
(907) 276-5297 telephone
(907) 276-5291 facsimile
tlynch@northlaw.com
Alaska Bar No. 7111030

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 18 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 18 of 19

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297   F: 907.276.5291

Certificate of Service

The undersigned herby certifies that
On 2nd day of July, 2015 a true and
correct copy of the foregoing was served
via electronic delivery by CM/ECF to:

J.E. Wiederholt                          *Attorneys for E. Ali and Shaikh A. Bashar*
Aglietti, Offret & Woofter
733West 4th Avenue, Suite 206
Anchorage, AK  99501


   s/ Vanessa Hope
_____
HOZUBIN, MOBERLY, LYNCH & ASSOCIATES

Memo In Support Of Mot For Final Judgment By Default (A&V Family Trust)          Page 19 of 19
*Great Divide Insurance Co. v. Mohammad Ali, et al.*          Civil Action No. 3:15-cv-0055-TMB
Case 3:15-cv-00055-TMB   Document 31   Filed 07/02/15   Page 19 of 19